UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**03 - 20 1 3 2** CR - DIMITROULEAS

CASE NO. _____

18 U.S.C. § 2422(b)

MAGISTRATE JUDGE
SELTZER

UNITED STATES OF AMERICA

vs.

MARCO AURELIO PENA,

Defendant.

_____/

### INDICTMENT

The Grand Jury charges that:

From on or about January 15, 2003, through on or about January 27, 2003, in Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendant,

**MARCO AURELIO PENA,**

did knowingly and intentionally by means of a facility of interstate commerce, that is, by computer

via the Internet, attempt to persuade, induce, entice, and coerce a person who has not attained the age

of 18 years, to engage in a sexual activity for which any person can be charged with a criminal

offense; in violation of Title 18, United States Code, Section 2422(b).

A TRUE BILL

_____
FOREPERSON

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
EDUARDO I. SANCHEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

03-20152 cr-DIMITROULEAS

UNITED STATES OF AMERICA          CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY** MAGISTRATE JUDGE

SELTZER

**MARCO AURELIO PENA** _____   **Superseding Case Information:**

**Court Division:** (Select One)

__X__  Miami   _____  Key West
_____  FTL   _____  WPB _____  FTP

New Defendant(s)          Yes _____   No _____
Number of New Defendants          _____
Total number of counts          _____

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:          (Yes or No) __Yes__
      List language and/or dialect          __Spanish__

4.    This case will take __3__ days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
      (Check only one)                              (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | __X__ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____          Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) Yes_____
If yes:
Magistrate Case No.   03-2110-AMS_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of January 27, 2003_____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) No_____

7.    Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _x_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8.    Did this case originate in the Narcotics Section, Miami? ___ Yes _x_ No

_____
Eduardo I. Sanchez
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 877875

*Penalty Sheet(s) attached                              REV.6/27/00

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

03 - 20132 CR-DIMITROULEAS

Defendant Name: **MARCO AURELIO PENA**          Case No.

MAGISTRATE JUDGE
SELTZER

**COUNT 1:    Enticing a Minor, Using the Internet, to Engage in Sexual Activity**

          **18 U.S.C. § 2422(b)**

**\*Max Penalty: 15 YEARS' IMPRISONMENT**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

FORM DBD-34

JUN. 85

03 - 20132 CR - DIMITROULEAS

MAGISTRATE JUDGE
SELTZER

# UNITED STATES DISTRICT COURT

*Southern District of Florida*

*Criminal Division*

THE UNITED STATES OF AMERICA

vs.

MARCO AURELIO PENA

# INDICTMENT

In violation of:

18 U.S.C. § 2422(b)

A true bill.

FGJ 02-03(MIA)

_____
Foreman

Filed in open court this

of _Feb_ A.D.2003

_____ day

_____
Clerk

Bail, $ _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-2110-SIMONTON

UNITED STATES OF AMERICA

vs.

MARCO AURELIO PENA,

       Defendant.
_____/



### ORDER CONTINUING PRELIMINARY HEARING AND ARRAIGNMENT

THIS CAUSE comes before the Court on the government's *Unopposed Motion for Continuance of Preliminary Hearing and Arraignment*, which seeks to continue the preliminary hearing and arraignment in this case until 10:00 a.m. on Friday, February 14, 2003. After carefully considering the government's motion, it is hereby

ORDERED AND ADJUDGED that the government's motion is hereby GRANTED. This matter is now scheduled for preliminary hearing or arraignment on Friday, February 14, 2003, at 10:00 a.m.

DONE AND ORDERED at Miami, Florida this _10_ day of February, 2003.

                        _____
                        PETER R. PALERMO
                        UNITED STATES MAGISTRATE JUDGE

cc:    Helaine Batoff, AFPD
       Eduardo I. Sanchez, AUSA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-2110-SIMONTON

UNITED STATES OF AMERICA

vs.

MARCO AURELIO PENA,

Defendant.

_____/



### GOVERNMENT'S UNOPPOSED MOTION FOR
### CONTINUANCE OF PRELIMINARY HEARING AND ARRAIGNMENT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves, pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure, for a continuance of the preliminary hearing and arraignment in this case from 10:00 a.m. on Tuesday, February 11, 2003 to 10:00 a.m. on Friday, February 14, 2003. In support hereof, the government states the following:

1.      On Tuesday, January 28, 2003, the defendant made an initial appearance before the Court on a criminal complaint charging him with knowingly using a facility and means of interstate and foreign commerce to attempt to persuade, induce, entice, and coerce a person who had not attained the age of 18 years to engage in a sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b). At the time of that initial appearance, the Court scheduled the defendant's arraignment or preliminary hearing in this case for 10:00



a.m. on Tuesday, February 11, 2003.

2.      Since the preliminary hearing in this case was scheduled, the defendant has been released on bond. *See* Docket Entries 5 and 6.

3.      Because the defendant is no longer in custody, the preliminary hearing in this matter is currently scheduled earlier than is required by Fed. R. Crim. P. 5.1. Indeed, Rule 5.1(c) provides that a preliminary hearing must be scheduled "no later than 20 days [after the defendant's initial appearance] if [the defendant is] not in custody." Fed. R. Crim. P. 5.1(c). Thus, because the defendant's initial appearance took place on January 28, 2003, the preliminary hearing in this case need not be held before Friday, February 14, 2003.

4.      Accordingly, and due, *inter alia*, to scheduling issues involving witnesses and the federal grand jury, the government respectfully requests that the Court continue the preliminary hearing in this case until Friday, February 14, 2003, at 10:00 a.m.

5.      The defendant has represented through his counsel, Helaine Batoff, Esq., that he has no objection to the requested continuance of the preliminary hearing.[1]

WHEREFORE, pursuant to Rule 5.1 of the Federal Rules of Criminal

---

[1]     Pursuant to Fed. R. Crim. P. 5.1(d), the preliminary hearing in this case could have been continued – even beyond the 20-day timetable established by Rule 5.1(c) – with the consent of the defendant and upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases. The government, however, is not seeking such an extension of the timetable established by Rule 5.1(c). Rather, the government is only seeking to reschedule the preliminary hearing in this case until a later date *within* the 20-day period established by Rule 5.1(c).

Procedure, the United States respectfully moves that the preliminary hearing and arraignment in this case be rescheduled for 10:00 a.m. on February 14, 2003.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By:    _____
Eduardo I. Sanchez
Assistant United States Attorney
Florida Bar No. 877875
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9122
Fax: (305) 530-6168
E-mail: Eduardo.I.Sanchez@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Unopposed Motion for Continuance of Preliminary Hearing and Arraignment* was delivered by United States mail on this 7th day of February, 2003 to: Helaine Batoff, Esq., Assistant Federal Public Defender, 150 West Flagler Street, Suite 1700, Miami, Florida  33130-1556.

_____
Eduardo I. Sanchez
Assistant United States Attorney



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.03-2110-SIMONTON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARCO AURELIO PENA,

      Defendant.

_____/

## UNOPPOSED MOTION FOR PERMISSION TO CHANGE RESIDENCE

The Defendant, MARCO AURELIO PENA, by and through undersigned counsel, hereby requests permission from the Court to move from his previous residence at 1130 West 48th Street in Hialeah, Florida, to reside with his parents, Gema Quintero and Aurelio Pena, at 6780 West 2nd Court, Apartment #207, Hialeah, Florida 33012.  In support of this motion, Mr. Pena states as follows:

1.      On January 28, 2003, this Court issued an order releasing Mr. Pena from custody upon the posting of a $75,000 personal surety bond and a $25,000 corporate surety bond, in addition to the requirement that he comply with several special conditions.

2.      One of those conditions was that Mr. Pena reside at his then address,



1130 West 48th Street in Hialeah, Florida.

3.     Due to financial circumstances, Mr. Pena seeks to relocate to his parents' home at 6780 West 2nd Court, Apartment #207, Hialeah, Florida 33012.

4.     Undersigned counsel has contacted Eduardo Sanchez, the Assistant United States Attorney currently assigned to this case, as well as Anna Steckley, the Pretrial Services Officer assigned to this case. Both Mr. Sanchez and Ms. Steckley indicated that they have no objection to the Court's granting of this motion.

WHEREFORE, undersigned counsel respectfully requests that the Court grant Mr. Pena permission to change his address and relocate to his parents' residence at 6780 West 2nd Court, Apartment #207, Hialeah, Florida 33012.

Respectfully submitted,

KATHLEEN WILLIAMS
FEDERAL PUBLIC DEFENDER

By:  _Helaine Batoff_____

Helaine Batoff
Assistant Federal Public Defender
Florida Bar No. 0418617
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  (305)530-7000
Fax: (305)536-4559

2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this ___7___$^{th}$ day of

February, 2003, to Eduardo Sanchez, Assistant United States Attorney, at 99 NE 4th

Street, Miami, Florida 33132, and Anna Steckley, Pretrial Services Officer, 330

Biscayne Boulevard, Suite 410, Miami, Florida 33132.

_____
Helaine Batoff

J:\Pena, Marco Aurelio Reg69427-004\Pleadings\Change of Address Notice.wpd

3

# **FAXBACK SERVICE LIST**

Helaine Batoff, Esq.
Assistant Federal Public Defender
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Tel: (305)530-7000
Fax:(305)536-4559
Counsel for Marco Aurelio Peña

Eduardo Sanchez
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305)961-9100
Fax:(305)530-7976
Counsel for the Government



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.03-2110-SIMONTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCO AURELIO PENA,

        Defendant.

_____/

## DEFENDANT'S INVOCATION OF
## RIGHTS TO SILENCE AND COUNSEL

      The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.



The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _Helaine Batoff_
Helaine Batoff
Assistant Federal Public Defender
Florida Bar No. 0418617
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:   (305)530-7000
Fax:  (305)536-4559

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing instrument was mailed this $\underline{31^{st}}$ day of

January, 2003, to the United States Attorney's Office, 99 NE 4th Street, Miami,

Florida 33132.

*Helaine Batoff*
_____
Helaine Batoff

J:\Pena, Marco Aurelio Reg69427-004\Pleadings\Silence Motion.wpd

3

## FAXBACK SERVICE LIST

Michael Caruso, Esq.
Assistant Federal Public Defender
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Tel: (305)530-7000
Fax:(305)536-4559
Counsel for Carlos Mario Pino Arango

United States Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305)961-9100
Fax:(305)530-7976
Counsel for the Government

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:_____
CASE NO.:___03 - 2110 - AMS___

UNITED STATES OF AMERICA
          Plaintiff,

v.

Defendant,
Marco Aurelio Peña

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and
personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ 25,000.00 CSB_____.

### STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear
accordance with any and all orders and directions relating to the defendant's appearance in this case, inclu
appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or
other United States District Court to which the defendant may be held to answer or the cause transferred.
defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed
obeying any order or direction in connection with such judgment. This is a continuing bond, including any procee
on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwis

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other Distri
which the case may be removed or transferred after he or she has appeared in such District pursuant to the condi
of this bond, without first obtaining written permission from the court, except that a defendant ordered remove
transferred to another district may travel to that district as required for court appearances and trial preparation
written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Sou
District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Marti**
**Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permissi
writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the ad
on this bond or in open court or to the address as changed by permission from the court. The defendant is requi
ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the ca
no event may a defendant assume that his or her case has been dismissed unless the court has entered an or
dismissal.

5.  Shall not commit any act in violation of state or federal laws.



DEFENDANT: M. Aurelio Peña
CASE NUMBER: 03-2110-AMS
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the spec
conditions checked below:

_✓ a._ Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any tra
documents during the pendency of the case;

_✓ b._ Report to Pretrial Services as follows: (✓) *as directed or* _____ *times in person and* _____ *times by telepho*

_____ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

_____ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defin
in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licen
medical practitioner;

_✓ e._ Participate in mental health assessment and/or treatment;

_____ f. Participate and undergo a sex offense specific evaluation and treatment;

_✓ g._ Maintain or actively seek full-time employment;

_____ h. Maintain or begin an educational program;

_____ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

_____ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

_____ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own,
or personal, until the bond is discharged, or otherwise modified by the Court;

_____ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus termin
train stations, etc.;*

_✓ m._ No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's),*
follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

_____ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following ho
confinement program components and abide by all the requirements of the program which ( ) will not
( ) will include electronic monitoring or other location verification system, paid for by the defend
*based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

_____ Curfew: You are restricted to your residence every day from _____ to _____, or as dire
by the Court.

_____ Home Detention: You are restricted to your residence at all times except for: ( ) medical need
treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) o
_____

_____ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or commu
corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education;
( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visi
( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and
( ) other _____

_____ p. May travel to and from:_____, and must notify Pretrial Services of travel
before leaving and upon return.

_✓ q._ Comply with the following additional conditions of bond:
__See Attached sheet__
_____

DEFENDANT: M. Aurelia Pena
CASE NUMBER: 03 - 2110 - Ams
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon convic for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 ma it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a crim investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offe punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or inform or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fai appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court or If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the servi a sentence, or appeal or certiorari after conviction for:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen year defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or

(3)   any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more tha years, or both;

(4)   a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more tha year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the senten imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail p which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced applicable laws of the United States.

DEFENDANT: _M. Aurelia-Pena_
CASE NUMBER: _03-2110-AMS_
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditi: may be declared by a judicial officer of any United States District Court having cognizance of the above entitled ma at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment ma: entered upon motion in such United States District Court against each surety jointly and severally for the amour the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Fed Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all o: terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agen the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT
Signed this _24th_ day of _Jan._ , 20 _03_ , at _Miami_ , Flori
Signed and acknowledged before me:        DEFENDANT:(Signature) _(illegible)_
WITNESS: _(signature)_                    ADDRESS: _1130 W. 48th St._
ADDRESS: _7199 SW 27 Ave_                 _Hialeah FL_  ZIP _33012_
_Miami FL_ ZIP _33_            TELEPHONE: _____

### CORPORATE SURETY
Signed this _29_ day of _Jan_ , 20 _03_ , at _Miami_ , Fior
SURETY: _First Community Ins Co._        AGENT:(Signature) _(signature)_
ADDRESS: _2299 SW 27 Ave_                 PRINT NAME: _Steven Morales_
_Miami FL_ ZIP _33145_         TELEPHONE: _305-860-1001_

### INDIVIDUAL SURETIES
Signed this __ day of ____, 20__, at _____, Florida.   Signed this __ day of ____, 20__, at _____, Flor
SURETY:(Signature)_____              SURETY:(Signature)_____
PRINT NAME:_____                   PRINT NAME:_____
RELATIONSHIP TO                                 RELATIONSHIP TO
DEFENDANT:_____                    DEFENDANT:_____
ADDRESS:_____                    ADDRESS:_____
_____ZIP_____                   _____ZIP_____
TELEPHONE:_____                    TELEPHONE:_____

### APPROVAL BY COURT
Date: _01-29-03_                 _(signature)_
                                 UNITED STATES MAGISTRATE JUDGE

## ADDITIONAL CONDITIONS:

1.    No unsupervised access to minors (except his three year old daughter);
2.    Prohibited from possessing or using any type of computer or connectivity device with internal or external modem with access to any "online services";
3.    Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any Internet Services Provider;
4.    Allow Pretrial Services to install software to monitor activities on his computer either at place of employment or on computer at home;
5.    Prohibited from accessing any type of chat room, bulletin board system, or any other public or private network with access to e-mail (i.e., library, school, cafes, businesses).

THE LIABILITY OF THE COMPANY SHALL NOT EXCEED THE SUM OF **27000 DOLS 00 CTS**

FB 3581

*IT IS UNLAWFUL TO PRINT THIS FORM WITH- OUT WRITTEN CONSENT OF HOME OFFICE.

FIRST COMMUNITY INSURANCE COMPANY
P.O. Box 15707, Suite 1320 ■ St. Petersburg, FL 33733

**FEDERAL POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS: that First Community Insurance Company, a corporation duly organized and existing under the laws of the State of New York, has made pursuant to Article IV, Section 2 of the By-Laws, which was adopted by the Directors of the said company, and is now in effect, does constitute and appoint, and by these presents does make, constitute and appoint below named agent its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once. THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF THIS STATED FACE AMOUNT, AND PROVIDED THIS Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, FIRST COMMUNITY INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this ___27___ day of ___Jan___, 2003.

Bond Amount $ 25,000.°°   Appearance Date ___TBS___

Defendant ___Marco Aurelio Pena___   S.S. # ___

Date of Birth ___

Court ___U.S. District___   City ___Miami___   State ___FL___

Offense ___Intercept of Heroin___  Case # ___03-2110-AU___

Executing Agent ___Steven Morales___

FIRST COMMUNITY INSURANCE COMPANY

Robert G. Menke, President

FOR FEDERAL USE ONLY
NOT VALID IF USED IN STATE COURT

**FEDERAL POWER OF ATTORNEY**

VOID IF NOT USED BEFORE   DEC 31 03



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:_____

CASE NO.: _O3-2110-AMS_

UNITED STATES OF AMERICA
         Plaintiff,

v.

_Marco Aurelio Pena_ /
                  Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ _75,000 Personal Surety Bond_ .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear accordance with any and all orders and directions relating to the defendant's appearance in this case, inclu appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or other United States District Court to which the defendant may be held to answer or the cause transferred. defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed obeying any order or direction in connection with such judgment. This is a continuing bond, including any procee on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwis

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other Distri which the case may be removed or transferred after he or she has appeared in such District pursuant to the condi of this bond, without first obtaining written permission from the court, except that a defendant ordered remove transferred to another district may travel to that district as required for court appearances and trial preparation written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Sout District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martii Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permissi writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the ac on this bond or in open court or to the address as changed by permission from the court. The defendant is requi ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the ca no event may a defendant assume that his or her case has been dismissed unless the court has entered an or dismissal.

5. Shall not commit any act in violation of state or federal laws.



DEFENDANT: *Marro aurello Pena*

CASE NUMBER: *03- 2110 - AMS*

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the spe[cial] conditions checked below:

___✓ a.  Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any tra[vel] documents during the pendency of the case;

___✓ b.  Report to Pretrial Services as follows: (✓ *as directed or* _____ *times in person and* _____ *times by telepho[ne]*

___ c.  Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d.  Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defi[ned] in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a  prescription by a licen[sed] medical practitioner;

___✓ e.  Participate in mental health assessment and/or treatment;

___ f.  Participate and undergo a sex offense specific evaluation and treatment;

___✓ g.  Maintain or actively seek full-time employment;

___ ✓ [h.]  Maintain or begin an educational program;

___ i.  Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j.  Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k.  None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, [real] or personal, until the bond is discharged, or otherwise modified by the Court;

___ l.  May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus termin[als],* *train stations, etc.;*

___✓ m.  No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), [and] follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n.  **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following ho[me] confinement program components and abide by all the requirements of the program which ( ) **will not** ( ) **will include electronic monitoring or other location verification system, paid for by the defend[ant]** *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

     _____  Curfew: You are restricted to your residence every day from _____ to _____, or as dire[cted] by the Court.

     _____  **Home Detention:** You are restricted to your residence at all times except for: ( ) medical need[s] treatment, ( ) court appearances,  ( ) attorney visits or court ordered obligations, and ( ) o[ther]

     _____

___ o.  **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a  halfway house or commu[nity] corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ( ) employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visi[ts] ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other _____

___ p.  May travel to and from:_____, and must notify Pretrial Services of travel before leaving and upon return.

___ q.  Comply with the following additional conditions of bond:

     *See attached sheet*

DEFENDANT: _Marco Aurelio Peni_
CASE NUMBER: _03-2110-Ams_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon convic for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 ma it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a crim investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offe punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or inform or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fai appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court or If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the servic a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or l

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen year defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or l

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more that years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more tha year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the senter imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail p which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced applicable laws of the United States.

DEFENDANT: _Marco Aurelio Pena_
CASE NUMBER: _03-2110-AMS_
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more condit may be declared by a judicial officer of any United States District Court having cognizance of the above entitled ma at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may entered upon motion in such United States District Court against each surety jointly and severally for the amoun the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Fed Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all o terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agen the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _29th_ day of _Jan._, 20 _03_, at _Miami_, Flori
Signed and acknowledged before me:
WITNESS: _____
ADDRESS: _2291 SW 27 Ave._
_Miami_ ZIP _33145_

DEFENDANT: (Signature) _(illegible)_
ADDRESS: _1130 W. 48 Ha St._
_Hialeah FL_ ZIP _33012_
TELEPHONE: _____

### CORPORATE SURETY

Signed this _____ day of _____, 20 _____, at _____, Flor
SURETY: _____
ADDRESS: _____
ZIP _____

AGENT: (Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this _29th_ day of _Jan_, 20 _03_, at _Miami_, Florida.
SURETY: (Signature) X _Gema Q_
PRINT NAME: _Gema L. Quintero_
RELATIONSHIP TO DEFENDANT: _Mother_
ADDRESS: _6780 W 2nd Ct apt 207 Hialeah_
ZIP _33012_
TELEPHONE: _(305) 512-7664_

Signed this _29th_ day of _Jan_, 20 _03_, at _Miami_, Flor
SURETY: (Signature) _____
PRINT NAME: _Aurelio Peña_
RELATIONSHIP TO DEFENDANT: _Father_
ADDRESS: _6780 W 2nd CT Apt 207_
_Hialeah_ ZIP _33012_
TELEPHONE: _(305) 512-7664_

### APPROVAL BY COURT

Date: _01-29-03_

_Andrea M Simonton_
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

DEFENDANT: Marco Aurelio Pe...
CASE NUMBER: 03-2110-Ams
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditi... may be declared by a judicial officer of any United States District Court having cognizance of the above entitled ma... at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may... entered upon motion in such United States District Court against each surety jointly and severally for the amoun... the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Fed... Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to... and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all o... terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender... service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of... terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agen... the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 29 day of JAN, 20 03, at Miami, Flori...
Signed and acknowledged before me:
WITNESS: _____   DEFENDANT:(Signature) _____
ADDRESS: Miami 2299 Sw 27 Ave   ADDRESS: 1130 W. 48th Street
Hialeah, FL   ZIP 33012
Mia   ZIP 33145   TELEPHONE: _____

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___, at _____, Flor...
SURETY: _____   AGENT:(Signature) _____
ADDRESS: _____   PRINT NAME: _____
_____ ZIP _____   TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 29th day of January, 20 03, at Miami, Florida.   Signed this 29th day of Jan., 2003, at Miami, Flor...
SURETY:(Signature) X Lucy Andrade   SURETY:(Signature) X Hector Andrade
PRINT NAME: LUCY ANDRADE   PRINT NAME: HECTOR ANDRADE
RELATIONSHIP TO   RELATIONSHIP TO
DEFENDANT: Family Friend   DEFENDANT: Family Friend
ADDRESS: 9210 Sw 147 Ct   ADDRESS: 9210 Sw 147 Ct
MIAMI, FL   ZIP 33196   MIAMI, FL. 33196   ZIP 33196
TELEPHONE: (305) 385-8798   TELEPHONE: (305) 385-8798

### APPROVAL BY COURT

Date: 01-29-03   _____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

**ADDITIONAL CONDITIONS:**

1.   No unsupervised access to minors (except his three year old daughter);
2.   Prohibited from possessing or using any type of computer or connectivity device with internal or external modem with access to any "online services";
3.   Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any Internet Services Provider;
4.   Allow Pretrial Services to install software to monitor activities on his computer either at place of employment or on computer at home;
5.   Prohibited from accessing any type of chat room, bulletin board system, or any other public or private network with access to e-mail (i.e., library, school, cafes, businesses).



# NATIONWIDE MORTGAGE

EQUAL HOUSING
LENDER

# Monthly Loan Statement

PAGE: 1 OF 1

605864 C 4 0001 04 01204010-0001 05950 A121118149468

HECTOR ANDRADE
LUCIA ANDRADE
9210 SW 147TH CT
MIAMI FL 33196-4110

**Account Number:** 5418149468

**Statement Date:** 12-10-02

**For the property located at:**

9210 SW 147TH CT
MIAMI FL 33196

**Send Payments to:**

FIRST NATIONWIDE MORTGAGE
DEPT. 0107
PALATINE, IL 60055-0107

## Account Information

| | |
|---|---|
| Int Rate: | 7.62500% |
| Principal | 53,592.73 |
| Escrow/Impound | 816.54 |
| Suspense | |
| Deferred Interest | |
| Unpaid Late Charge | |
| Subsidy | |

## Year-To-Date Summary

| | |
|---|---|
| Principal | 2,408.48 |
| Interest | 4,187.08 |
| Taxes | 1,698.34 |
| Additional Taxes | |
| Late Charge(s) | |
| Hazard Insurance | 1,936.00 |
| Mortgage Insurance | |

## Payment(s) Due

| | |
|---|---|
| Due | 01-01-03 |
| Principal & Interest | 549.63 |
| Escrow/Impound | 296.72 |
| Optional Products | |
| Misc. | |
| Amount Due | 846.35 |
| PAST DUE | |
| LATE CHARGE(S) | |
| TOTAL FEES | |
| Total Amount Due | 846.35 |

## Statement Activity

| Date | Description | Amount | Principal | Interest | Escrow/Impound | Fees | Optional Products | Misc. |
|---|---|---|---|---|---|---|---|---|
| 12-10 | Payment | 846.35 | 207.77 | 341.86 | 296.72 | | | |

---

**Special Messages:**

### YEAR-END INFORMATION

Year-end tax information will be mailed with your monthly statement by January 31. Year-to-Date summary totals are provided on your monthly statement located in the top right corner. Our voice response call system will be updated with year-end information within the first week of January and may be accessed by calling 1-800-444-8443. You may also view your year-end statement by accessing our website at www.firstnationwide.com.

**General Information**

Effective January 2, 2003, the Western Union Pay by Phone fee will be $15.00.

WARRANTY DEED
STATUTORY
F. S. 689.02

RAMCO FORM 8 (PHOTO)

# This Indenture,

Made this 20 day of August . A. D. 19 87, **Between**

WEITZER PANACHE, LTD., a Florida Limited Partnership

*of the County of* Dade , *in the State of* Florida , *part* y *of the first part, and*
Hector Andrade and Lucia Andrade, his wife.

*of the County of* Dade , *in the State of* Florida , *whose post office address is*
9210 S.W. 147th Court, Miami, Florida 33196

*part* ies *of the second part,*

**Witnesseth,** *That the said part* y *of the first part, for and in consideration of the sum of*
TEN AND NO/100————————————————————————————————— *Dollars,*
*to* it *in hand paid by the said part* ies *of the second part, the receipt whereof is hereby acknowl-*
*edged, ha* s *granted, bargained, and sold to the said part* ies *of the second part,* their heirs
*and assigns forever, the following described land, situate, and being in the County of* Dade ,
*State of* Florida , *to-wit:*

Lot 4 , Block 13 , of PANACHE SECTION THREE, according
to the Plat thereof, as recorded in Plat Book 128, at Page 31,
of the Public Records of Dade County, Florida

SUBJECT TO: 1987 TAXES AND SUBSEQUENT YEARS;
CONDITIONS, RESTRICTIONS AND LIMITATIONS OF RECORD.

*And the said part* y *of the first part do* es *hereby fully warrant the title to said land, and will defend the*
*same against the lawful claims of all persons whomsoever.*

**In Witness Whereof,** *The said part* Y *of the first part ha* s *hereunto set* its
*hand and seal the day and year first above written.*

*Signed, sealed and delivered in the presence of:*

WEITZER PANACHE, LTD.,
a Florida Limited Partnership **[L.S.]**

BY: *Estelle Burnside* **[L.S.]**
ESTELLE BURNSIDE, Authorized Signatory

STATE OF FLORIDA, }
COUNTY OF DADE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NO.** 03- 2110-Simonton

UNITED STATES OF AMERICA

       Plaintiff,

v.

**MARCO A. PENA**
**DOB:**  9-20-67       **(J) 69427-004**
       Defendant.

_____/

## ORDER ON INITIAL APPEARANCE

AUSA  Edward Sanchez      Language  Spanish

Agent _____      Tape No. 03FX- 11-258 & 765

     The above-named defendant having been arrested on **1-27-03**          having appeared before the court for initial appearance on          **1-28-03**          and proceedings having been held in accordance with **Fed.R.Cr.P.  r. 5 or 40(a)**, it is thereupon

     **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. ___ A F P D _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 a.m. on
   _____, 2003.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am          2/11          , 2003.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am          , 2003.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond,
   pursuant to 18 U.S.C. Section 3142:
   $75,000 PSB cosigned by father, mother and others who own property worth $75,000 and $25,000 CSB · Hearing held.

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows:____times a week by phone, ____time a week in person;
    other: _as directed_____
✓ c. Submit to ~~random urine~~ testing by Pretrial Services for the use of non-physician-prescribed substances
    prohibited by law. mental health and treatment

### MARCO A. PENA

✓ d. Maintain or actively seek full time gainful employment.
___ e. Maintain or begin an educational program.
___ f. Avoid all contact with victims of or witnesses to the crimes charged.
___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___ h. Comply with the following curfew: _____
___ i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
✓ j. Comply with the following additional special conditions of this bond:
_See attached further conditions re: internet;no_
_unsupervised access to minors except 3-yr old daughter._

This bond was set: At Arrest _____
    On Warrant _____
    After Hearing ___✓___

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forthherein or those later ordered by the court, the defendant is subject to arrest and revocation of release  and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u> this <u>28th</u> day of <u>JANUARY</u>, 2003.

_Andrea M Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/~~Probation~~

DEFENDANT'S NAME: Maria A. Pena 69427-004,   CASE NO: 03-2110-AM

✱ $ 75,000 _____ PERSONAL SURETY BOND

$ 25,000 _____ CORPORATE SURETY BOND

$ _____ 10% PERSONAL SURETY BOND; $ _____ deposited in Court Registry

~~NEBBIA CONDITION SET:~~   YES   (NO)

✱ CO-SIGNORS ON BOND: Father + mother and others who own property worth $75,000.

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: ( ✓ as directed or _____ times in person and _____ times by telephone;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

✓ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

✓ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

✓ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or
( ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

____ Curfew: You are restricted to your residence every day from _____ to _____, or as directed by the Court.

____ Home Detention: You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other _____.

___ o. **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education;
( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits;
( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and
( ) other _____

___ p. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ q. Comply with the following additional conditions of bond: Upon request from PTS, must provide personal phone + credit card billings and allow PTS to install software to monitor activities on computer. Home or place of employment. Prohibited from accessing any type of chat room, bulletin boards or any other private type public network with access to e-mail. No unsupervised access to min as except 3 yr old daughter.

CASE NUMBER _03- 2110-Simonton_

INTERPRETER REQUIRED IN CASE

FOREIGN LANGUAGE ___Spanish_____

DEFENDANT(S)_____MARCO PENA_____

_____

_____

_____



# UNITED STATES DISTRICT COURT.
## Southern District of Florida

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | Case Number: CR 03- 2110-Simonton |
| Plaintiff | ) | |
| | ) | REPORT COMMENCING CRIMINAL |
| -VS- | ) | ACTION |
| Marco A. Pena | ) | |
| USMS# 69427-004   Defendant | ) | |

FILED by R S   D.C.

**********************************************************

TO: Clerk's Office   (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
    U.S. District Court                FT. PIERCE
                          (circle one of above)
NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.
**********************************************************
*

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1)   Date and Time of Arrest: 01 27 2003                6:05   am/pm

(2)   Language Spoken: English + Spanish

(3)   Offense(s) Charged: 18 USC 2422 - Luring + Enticing of a minor

(4)   U.S. Citizen   [x] Yes      [ ] No         [ ] Unknown   US

(5)   Date of Birth: ____09 20 1967

(6)   Type of Charging Document: (check one)
      [ ] Indictment          [x] Complaint to be filed/ already filed

      Case # _____

      [ ] Bench Warrant for Failure to Appear
      [ ] Probation Violation Warrant
      [ ] Parole Violation Warrant

      Originating District: _____

      COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] Yes     [ ] No

Amount of Bond: $ 50,000   10%

Who set Bond: AUSA Judd Roy

(7)   Remarks:_____

(8)   Date: _____ 01 27 2003    (9) Arresting Officer: B. Russell

(10)  Agency: ____FLSS31100           (11) Phone: (305) 629-1800

(12)  Comments: _____



# *United States District Court*

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

v.

MARCO AURELIO PENA

## CRIMINAL COMPLAINT

CASE NUMBER: 03-2110-AMS

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 27, 2003, in Miami-Dade County, in the Southern District of Florida, the defendant did knowingly use a facility and means of interstate and foreign commerce, that is, a computer through the Internet, to attempt to persuade, induce, entice, and coerce a person who had not attained the age of 18 years to engage in a sexual activity for which any person can be charged with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

BRIAN C. RUSSELL, SPECIAL AGENT
UNITED STATES SECRET SERVICE
JANUARY 28, 2003

Sworn to before me, and subscribed in my presence,

JANUARY 28, 2003      at    Miami, Florida
Date                                  City and State

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                           Signature of Judicial Officer

## AFFIDAVIT

I, Brian C. Russell, being duly sworn, depose and state the following:

1.      I am a Special Agent of the United States Secret Service (USSS) and have been so employed since June of 2000. I am currently assigned to the Miami Field Office of the USSS. My duties include the investigation of computer fraud and Internet related crimes.

2.      I submit this affidavit based upon information known to me personally from my investigation, as well as from information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

3.      This investigation is part of an undercover operation initiated by the Miami Electronic Crimes Task Force. I have participated in this investigation, spoken with other law enforcement agents, and have reviewed documents and transcripts of Internet communications related to this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every aspect, fact, or detail of this investigation, that is, this affidavit does not contain all of the facts known to me concerning this investigation.

4.      From my training and experience, I know that "Yahoo" Internet Relay Chat is a computer program that permits individuals with access to the Internet to electronically communicate with each other in real time ("chats"). Users of this program choose names ("nicknames" or "screen names") with which to identify themselves during communications with other users.

5.      On January 15, 2003, I was signed into the Yahoo Internet Relay Chat on a computer at the USSS Miami Field Office and utilizing the female undercover name "Lildebbie157." I entered the Miami Room of Yahoo Internet Relay Chat and was contacted via private message by a user identifying himself as "Hueletoto." During the ensuing chat, I identified "Lildebbie157" as a 13-year-old female; "Hueletoto" identified himself as a 33-year-old male who resided in Miami. "Hueletoto" also stated that his name was Marco. Over the course of the next week and a half, "Hueletoto" initiated numerous additional chat sessions with "Lildebbie157."

6.      During the chat sessions between "Hueletoto" and "Lildebbie157," "Hueletoto" stated that he wanted to meet "Lildebbie157" for the purpose of engaging in sexual activity.

7.     USSS agents arranged for "Lildebbie157" and "Hueletoto" to meet on January 27, 2003 at approximately 6:00 P.M. in the parking lot behind the Publix Supermarket located at the corner of Northwest 58th Street and 107th Avenue in Miami.   "Hueletoto" stated that he would park his car in front of the Publix Supermarket and walk to the back. "Lildebbie157" advised "Hueletoto" that she would be wearing jeans, a blue sweatshirt, and a baseball hat.

8.     On January 27, 2003, at 5:45 P.M., USSS agents instituted surveillance of the Publix Supermarket located at the corner of Northwest 58th Street and 107th Avenue in Miami. A female undercover agent, posing as "Lildebbie157," positioned herself in the parking area behind the Publix Shopping Center.  She was wearing jeans, a hooded navy blue sweatshirt, and a baseball hat.

9.     At approximately 6:00 P.M., agents observed a white male walk to the rear of the Publix Shopping Center. The unidentified male walked to the rear parking lot, looked around, and then walked back to a red Honda Civic. The subject entered the red Honda Civic and drove to the rear of the shopping center.  The subject then drove into the parking lot where the female undercover agent was sitting and stopped approximately twenty feet away from her.

10.     The subject then greeted the undercover agent and asker the undercover agent whether she was "Debbie."  The undercover agent said that she was, and she then asked the subject if he was "Marco."  The subject stated that he was.

11.     USSS agents then approached the vehicle, identified themselves, and detained the subject.

12.     The subject, identified as Marco Aurelio Pena, was interviewed at the Miami Field Office.  Prior to questioning, Pena was advised of his *Miranda* rights in both English and Spanish.  Pena stated that he understood his rights, and he waived them verbally and in writing.

13.     During the interview, Pena admitted that he utilizes the username "Hueletoto" for Yahoo Internet Relay Chat. Pena also stated that he initiated contact on "Yahoo" Internet Relay Chat with "Lildebbie157" and that he believed that she was a 14-year-old or 16-year-old female.  Pena stated that he planned to meet "Lildebbie157" for the purpose of engaging in sexual activity. Pena also admitted that he had traveled to the Publix Shopping Center to engage in sexual activity with "Lildebbie157."

14.    Based on the facts described herein, your affiant submits that there is probable cause for the issuance of a criminal complaint against Marco Aurelio Pena for violations of federal law, including Title 18, United States Code, Section 2422(b).

FURTHER AFFIANT SAYETH NAUGHT

SPECIAL AGENT BRIAN C. RUSSELL
UNITED STATES SECRET SERVICE

Subscribed and sworn to before
me on this 28th day of January, 2003

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _O3-2110-AMS'_

**UNITED STATES OF AMERICA**

**vs.**

**MARCO AURELIO PENA,**

      **Defendant.**

_____/

**CRIMINAL COVER SHEET**

1.    Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? _____ Yes __x__ No

2.    Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? _____Yes __x__ No

                      Respectfully submitted,

                      MARCOS DANIEL JIMENEZ
                      UNITED STATES ATTORNEY

BY: _____

                      EDUARDO I. SANCHEZ
                      ASSISTANT UNITED STATES ATTORNEY
                      Florida Bar Number 877875
                      99 N. E. 4th Street
                      Miami, Florida   33132-2111
                      TEL (305) 961-9122
                      FAX (305) 530-7976
                      E-MAIL: Eduardo.I.Sanchez@usdoj.gov